IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FLORENCE W., Parent and ) <br> Next of Friend of M.W., ) <br>    Plaintiffs, ) <br> ) <br> And ) <br> ) <br> METROPOLITAN SCHOOL DISTRICT ) <br> OF LAWRENCE TOWNSHIP, ) <br>    Defendant. ) | CAUSE NO.: 1:18-cv-2698 |

## COMPLAINT

COMPLAINT

    COMES NOW, Plaintiff, M.W. by and through her parent and next friend, Florence W. (hereinafter, collectively, the "Plaintiffs" or the "Family") and does hereby file an action to appeal the decision of the Independent Hearing Officer rendered in an Article 7 Due Process Hearing, Cause No. HR-060-2018, which aggrieves Plaintiffs' rights.

## INTRODUCTION

1.    This action is brought pursuant to the provisions of 20 USC § 1415 et. seq., more commonly known as the Individuals with Disabilities Education Act (hereinafter, "IDEA"), the pertinent implementation regulations promulgated under the Code of Federal Regulations, and 511 IAC 7 et. seq.  (hereinafter, "Article 7"), as implemented by the Indiana Department of Education, and including all rights, entitlements, and procedural safeguards mandated by these laws.

2.    Plaintiffs filed a request for a due process hearing pursuant to the provisions of Article 7 and the IDEA alleging that M.W. had been denied a free appropriate public education.

3. The Parties engaged in a due process hearing in which the hearing officer found that the Metropolitan School District of Lawrence Township (hereinafter "the District") had provided M.W. a free appropriate public education.

4. Plaintiffs are timely appealing the hearing officer's decision.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this case pursuant to 20 USC §1415, 28 USC §1331, and §1367.

6. This Court, without regard to the amount in controversy, has jurisdiction of the Plaintiffs' request pursuant to the IDEA, federal statutes, and Indiana statutes.

7. Venue is proper in the Southern District of Indiana, Indianapolis Division, because all of the parties live and reside in Marion County, Indiana, and all relevant action took place in Marion County, Indiana.

8. Pursuant to 511 IAC 7-45-9(a), the Court is to receive the record of administrative proceedings, hear additional evidence at the request of a party, and grant the relief it determines to be appropriate.

## PARTIES

9. M.W. is a student that resides within the boundaries of the District.  She is eligible for special education and related services and entitled to a free appropriate public education.

10. Florence W. is her mother and resides with her.

11. The District is the local educational agency within whose boundaries M.W. resides and whom is obligated to provide M.W. with a free appropriate public education.

12. The District is located in Marion County at 6501 Sunnyside Road Indianapolis, IN 46236.

## FACTS APPLICABLE TO ALL COUNTS

13. M.W. is a student in the seventh grade eligible for special education and related services. She attended a District school in fifth and sixth grades.

14. During that time, M.W. did not receive a free appropriate public education. Among other problems, she did not receive specialized educational services and the District failed to develop an individualized education program (hereinafter "IEP") that identified and programmed for her unique needs in either fifth or sixth grade.

15. During her tenure at the District, M.W.'s progress was at most *de minimus* if at all.

16. M.W.'s family filed a request for due process challenging the program and services she was receiving. The hearing officer found against M.W. and found that the District had provided her a free appropriate public education.

17. M.W. disagrees with the hearing officer and believes the hearing officer's findings of fact and conclusions of law were not supported by the evidence and were contrary to case law interpreting the Individuals with Disabilities Act (hereinafter the "IDEA") both in the Seventh Circuit and federally.

## CLAIM I-IDEA APPEAL

18. Plaintiffs hereby incorporate by reference and re-plead all allegations set forth in paragraphs one through seventeen.

19. The hearing officer's decision that M.W. was not denied a free appropriate public education improper and should be overturned.

## PRAYER FOR RELIEF

20. Plaintiffs hereby incorporate by reference and re-plead all allegations set forth in paragraphs one through nineteen.

21.     Plaintiffs are entitled to a decision finding that M.W. was denied a free appropriate public education.

22.     Plaintiffs are entitled to reimbursement of the private services they have provided to M.W. including tutoring, private schooling, and evaluations.

23.     Plaintiffs are entitled to reimbursement of attorney's fees.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court overturn the hearing officer's decision and for all other relief deemed just.

> Respectfully submitted,
> CURLIN & CLAY LAW ASS'N. OF ATTYS.,
>
> */s/ Alexandra M. Curlin*  (Atty. No. 24841-49)
> 8510 Evergreen Avenue, Ste. 200
> Indianapolis, IN  46240
> Telephone: (317) 202-0301
> Facsimile: (317) 536-3663
> Email: amcurlin@curlinclaylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served to the following individual(s):

Dr. Shawn Smith, Superintendent (via certified mail return receipt requested)
MSD Lawrence Township
6501 Sunnyside Rd.
Indianapolis, IN  46236

Courtesy copy via first class mail to:
Seamus Boyce
CHURCH CHURCH HITTLE & ANTRIM
2 N. 9th St.
Noblesville, IN  46060

> */s/ Alexandra M. Curlin*
> Alexandra M. Curlin