UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FLORENCE W., Parent and Next Friend of M.W., and M.W., | ) ) ) | |
| Plaintiffs/Counterclaim Defendants | ) ) ) | |
| v. | ) ) | 1:18-cv-02698-RLY-TAB |
| METROPOLITAN SCHOOL DISTRICT OF LAWRENCE TOWNSHIP, | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

**ORDER ON PLAINTIFFS' MOTION TO SUPPLEMENT EVIDENCE**

Plaintiffs, Florence W., on behalf of herself and her minor daughter, M.W., brings this action under § 1415(i)(2)(A) of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., seeking judicial review of the Independent Hearing Officer's conclusion that Defendant, Metropolitan School District of Lawrence Township, provided M.W. with a free appropriate public education as required by IDEA. Plaintiffs now move for leave to supplement the administrative record. The School District opposes the motion. For the reasons stated below, the court finds the motion should be **GRANTED in part** and **DENIED in part**.

**I.    Discussion**

Unlike a typical appeal of an administrative decision, Congress provided that a reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance

1

of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B). Although the statutory language provides that the court "shall hear additional evidence," "appellate courts have construed this language to give district courts at least some discretion not to hear additional evidence at the request of a party." *R.B. v. Bartholomew Consol. Sch. Corp.*, 1:03-cv-0939-DFH, 2004 U.S. Dist. LEXIS 8529, at *3 (S.D. Ind. May 4, 2004) (citing *Walker Cty. Sch. Dist. v. Bennett*, 203 F.3d 1293, 1298-99 (11th Cir. 2000)). The Seventh Circuit has held that a district court has discretion to bar additional evidence which would "'change the character of the hearing from one of review to a trial *de novo*.'" *Monticello Sch. Dist. No. 25 v. George L. on behalf of Brock L.*, 102 F.3d 895, 901 (7th Cir. 1996) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)); *see also B.G. by J.A.G. v. Bd. of Educ. of City of Chicago*, 901 F.3d 903, 908 (7th Cir. 2018) (same). Such additional evidence may include evidence to "fill gaps in the hearing transcript owing to mechanical failure, the unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington*, 736 F.2d at 790.

At the heart of this case, Plaintiffs allege the School District failed to develop an individualized education program that identified and addressed M.W.'s unique needs in either fifth or sixth grade. The proposed additional evidence consists of: (1) ISTEP results from Spring 2018, which reflect M.W. failed the test; (2) results from testing conducted at Fortune Academy, the facility M.W. is currently attending; (3) correspondence the parties' attorneys exchanged shortly after the administrative hearing;

and (4) a one-page affidavit from Janet George, the Head of School at Fortune Academy, which represents M.W. is happy as a student there.

### A. The Letter

Plaintiffs assert the court should admit letters exchanged by counsel following the hearing. (Filing No. 14-4, Letters dated July 3 and July 8, 2018). They argue that the School District's July 3rd letter makes two admissions: (1) that Plaintiffs' request for reimbursement of the 2017 private evaluation, denied by the hearing officer, was appropriate and (2) that communications from the School District were inappropriate. Plaintiffs argue these admissions are relevant to the School District's counterclaim alleging Plaintiffs' request for a due process hearing was made in bad faith and for the purpose of harassment. (Filing No. 14, Motion at 6).

The School District's letter is not relevant to these proceedings. The thrust[1] of the letter expresses the desire to settle the matter. Moreover, the July 3 letter does not admit that the Plaintiffs' request for reimbursement should have been reimbursed by the School District. Instead, it provides that the District will pay for M.W.'s 2017 private evaluation because "it is the right thing to do." (Filing No. 14-4, Letter). And the letter does not admit that the prior communications between the School and Plaintiffs were inappropriate nor imply that the School District was at fault for an undeveloped IEP. The letter states that the School District "acknowledges that the relationship has not always been ideal" and expresses the desire to meet with Plaintiffs in a case conference

---

[1] The rest of the letter regarding Plaintiffs' counsel's alleged affiliation with Fortune Academy is not relevant to this motion.

committee to discuss the independent evaluators recommendations and arrive at a mutually agreeable IEP. (*Id.*). Consequently, the July 3 and July 8 letters will not be admitted.

### B. The ISTEP and Fortune Academy Results

Plaintiffs argue the ISTEP results from Spring 2018 and the results from testing conducted at Fortune Academy are relevant to whether she received services from the District that enabled her to advance through the general curriculum. The School District objects on grounds that such evidence will transform this matter to a trial *de novo*. The court disagrees. The court's review is not limited to the administrative record; consequently, the court may consider additional evidence that came to light after the hearing. Evidence of these test results is relevant, as Plaintiffs contend, to whether M.W. received an educational benefit as a student at the School District. While M.W.'s success at Fortune Academy does not necessarily mean the School District failed to provide her with an educational benefit, the court finds the best approach is "to hear the evidence, to allow the [District] ample opportunity to rebut and challenge it, and to consider its weight in light of all the evidence in the administrative and court record." *R.B.*, 2004 U.S. Dist. LEXIS at * 7.

### C. Ms. George's Affidavit

Ms. George filed an affidavit stating she observed M.W. several times throughout her first semester at Fortune Academy and noted M.W. played volleyball, has "made friends and seems happy." (Filing No. 14-5, Affidavit of Janet George ¶¶ 4-5). M.W. also told Ms. George she liked Fortune Academy because "she didn't have to be tough

4

anymore." (*Id.* ¶ 6).  While the affidavit is admittedly barebones, such evidence may be indicative of her progress on both an academic and functional level and may be explored through deposition.  Accordingly, the court will allow it.

**II.     Conclusion**

Plaintiffs' Motion to Supplement Evidence (Filing No. 14) is **GRANTED in part** and **DENIED in part**.  The Motion is **GRANTED** with respect to: (1) the ISTEP results from Spring 2018; (2) M.W.'s Fortune Academy test results; and (3) Ms. George's affidavit.  The Motion is **DENIED** with respect to the parties' attorneys' correspondence following the hearing.

**SO ORDERED** this 28th day of June 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

5